41 So.2d 394

## IMPERIAL ASSUR. CO. v. PERRY.

### 6 Div. 767.

Supreme Court of Alabama.

June 23, 1949.

Elliott & Petree and Chas. E. Tweedy, Jr., of Jasper, for appellant.

Arthur Fite, of Jasper, for appellee.

LAWSON, Justice.

This suit is upon an insurance policy of date January 20, 1945. The insurance covered, among other losses, damages resulting from collision of plaintiff Perry's automobile with another, which collision occurred January 28, 1945, resulting in much damage to plaintiff's car.

Aside from the plea of the general issue, the defendant insurance company plead payment of the damage, and further that the coverage of the policy did not include any damages resulting when it was being used for carrying persons for a charge.

The policy sued upon was duly delivered to plaintiff, who insists that it is the only policy of which he knows and in which the loss is payable to himself only. Defendant insisted that the policy upon which plaintiff relies was a mere certificate and that the master policy was the one in force, which master policy was payable to plaintiff's mortgagee as its interest may appear and that payment was so made. True, the policy delivered to plaintiff does make some general reference to a master policy, yet the jury might well reasonably infer from the proof that the policy delivered to plaintiff was the full contract between the parties. Indeed, in answer to plaintiff's interrogatories the defendant insurance company made no claim that it was a mere cer-

tificate, but stated that it "was a straight contract covering the car insured." There were other facts and circumstances from which such conclusion might be reached, which we need not here detail.

Defendant cannot well complain that this issue was submitted to the jury, and we conclude the affirmative charge requested by defendant was properly refused.

■ The policy sued upon, as well as that insisted upon by the defendant, excludes coverage while the automobile is used "to carry persons for a charge." This defense was set up in Plea 3. In the oral charge the court gave in effect a directed verdict for plaintiff upon his plea, based upon the theory as stated in the oral charge, "that there is no evidence before you that this automobile was being used at the time of the accident for hire or for a public conveyance." Exception was duly reserved by defendant to this portion of the charge, and it is strenuously insisted here that reversible error appears in this connection.

It appears from the proof that when plaintiff purchased this used car only a short time prior to the accident it bore a Georgia license tag, and when he procured his Alabama license he got one for a taxi, and the automobile bore a taxi license at the time of the accident. However, there was no direct evidence that plaintiff had ever used the automobile to carry persons for a charge. He had been riding his friends in the car in his home town of Cordova, but there was no evidence that he ever accepted any compensation from them. At the time of the accident the proof shows that the plaintiff was on a trip to get his wife. The proof also shows that one Chris Nabors, a resident of Cordova, was riding with the plaintiff as a passenger, but not as a paying passenger.

The exclusion clause of the policy is based on the use of the automobile at the time of the accident and we do not think that the evidence heretofore set out tends to prove that at the time of the accident plaintiff was using the automobile "to carry persons for a charge."

We hold, therefore, that the trial court did not err in charging the jury "that there is no evidence before you that this automo-

bile was being used at the time of the accident for hire or for a public conveyance."

The judgment of the circuit court is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.